## No. 9316.

### MRS. JESSIE R. BELL VS. RIGGS & BRO.

For the reasons given in State ex rel. Bell vs. Judge, 36 Ann., 886, the order dissolving the injunction herein appealed from is annulled and set aside.

**A**PPEAL from the Civil District Court for the Parish of Orleans Rightor, J.

_Sam'l Gilmore_ and _Jas. D. Hill_ for Plaintiff and Appellant.

_Branch K. Miller_ and _Albert Voorhies_ for Defendant and Appellee.

---

## No. 9339.

### MRS. JESSIE R. BELL VS. A. RIGGS & BRO.

In the matter of ordinary preliminary injunctions the function of fixing the amount of the bond required is confided by law to the discretion of the judge before whom the action is pending.

While this discretion is legal and not arbitrary, and while we might afford relief in cases of oppressive and unreasonable requirements amounting to a denial of justice, yet where the amount fixed is supported by evidence or otherwise evinces a prudent and sincere exercise of his legal discretion, we are not justified in criticising his order and substituting our discretion for that which the law attributes to him alone.

**A**PPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

_Sam'l Gilmore_ and _Jas. D. Hill_ for Plaintiff and Appellant.

_Branch K. Miller_ and _Albert Voorhies_ for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. In this case a preliminary injunction restraining defendants from erecting a steam engine for the prosecution of their business on their premises was issued on a bond fixed by the judge at the sum of seven hundred and fifty dollars.

Defendants subsequently took a rule to have the bond increased on the ground of insufficiency. After hearing evidence contradictorily between the parties, the judge *a quo* made the rule absolute "in so far as to increase the bond for injunction from the sum of $750 to the sum of $5000," from which order the present appeal is taken.

The right of the judge to increase the amount of the bond upon proper showing that the amount originally fixed was inadequate is too clear to admit of question. The only point involved is the correctness of the order of the judge upon the evidence before him. In ordinary injunctions the law has seen fit to confide the duty of fixing the amount of the bond required to the discretion of the judge having cognizance of the case.

Of course, this is a legal and not an arbitrary discretion, and in case of abuse and denial of justice by unreasonable and oppressive requirements, we should not hesittate to extend relief.

But we find no such case presented here. The ruling of the judge is supported by responsive evidence, and evinces a prudent and sincere exercise of the discretion confided to him by law.

Under these circumstances we would not be justified in criticising the correctness of his appreciation of the evidence before him and in thus substituting our discretion for that which the law attributes to him alone.

Judgment affirmed.